EZRA A. OSBORN, Respondent, v. THE MONTELAC PARK and Others, Defendants; ELNATHAN T. FIELD and CHESTER HUNTINGTON, as Receiver of THE GREENWOOD LAKE IMPROVEMENT COMPANY, Appellants.

*Dissolution of a corporation — decree void if jurisdictional facts be not alleged — a corporation may loan its credit to its president.*

The court has no general jurisdiction of an action brought for the dissolution of a corporation ; its power in that respect is derived solely from the statute, and unless the complaint in an action brought to dissolve the corporation shows the jurisdictional facts, the court has no power to act, its decree is void, and the corporation still exists.

Where the jurisdictional facts are not alleged in the complaint in such an action, and judgment in such action is entered dissolving the corporation, the judgment may be treated as valid so far as it relates to the sequestration of the property of the corporation, but so far as it purports to dissolve the corporation it is a nullity.

SECOND DEPARTMENT, JULY TERM, 1895.          [Vol. 89.

The cases in which an action to dissolve a corporation may be maintained are set forth in section 1785 of the Code of Civil Procedure, and the persons who can maintain such an action are stated in section 1786 thereof.

There is nothing *malum in se* or *malum prohibitum* in the act of a corporation in lending its credit to its president, or in mortgaging its property for his debt. The stockholders are the equitable owners of the corporate property, and if they do not object and no rights of creditors intervene, there can be no legal objection to the mortgage.

APPEAL by the defendants, Elnathan T. Field and Chester Huntington, as receiver of The Greenwood Lake Improvement Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 23d day of February, 1895, upon the decision of the court rendered after a trial at the Orange Special Term.

This action was brought to foreclose a mortgage given to the plaintiff by one McDowell as part of the purchase money of premises conveyed to him by the plaintiff.

*Francis Lawton,* for the appellants.

*Eldon Bisbee,* for the respondent.

Present — DYKMAN and PRATT, JJ.; BROWN, P. J., not sitting.

Judgment affirmed with costs, on opinion of trial judge.

The opinion of the trial judge was as follows :

BROWN, J. :

The mortgage in suit was executed and delivered to plaintiff on September 8, 1887, by William O. McDowell, who at that date held the title to the mortgaged premises.

The amount due thereon is agreed upon between McDowell and the plaintiff at $17,000, with interest from July 1, 1894, amounting at this date to $17,615.42.

The title to the land at the commencement of this action was in the Montelac Park.

None of the defendants have answered except the defendants Field and Huntington. The latter defendant, as receiver of the Greenwood Lake Improvement Company, attacks the mortgage on the ground that the mortgaged premises were, at the date of the

mortgage, owned by the corporation, and that the mortgage was executed by McDowell as president thereof, without authority, and to secure his individual debt.

It appears that prior to 1884 the Greenwood Lake Improvement Company had the title to the land. McDowell was its president and the plaintiff was its treasurer. McDowell individually was indebted to the plaintiff, and by three separate deeds the land was conveyed to the plaintiff as security for the debt due to him from McDowell.

On September 8, 1887, the property was conveyed to McDowell, and he thereupon executed the mortgage in suit.

In February, 1888, McDowell conveyed the land to the improvement company. This deed was made "subject to two certain mortgages."

In November, 1888, the property was conveyed by the improvement company to Frank Osborn, subject to the mortgage in suit.

Subsequently, the company was reinvested with the title, and, on December nineteenth, it was conveyed to Sherman W. Knevals, who thereafter conveyed it to the Montelac Park, subject to the mortgage.

Neither the Montelac Park nor the improvement company, nor any stockholder or creditor of the latter corporation, questions the validity of the mortgage, and the sole question before the court is whether the defendant Huntington, as receiver, may assail the validity of the mortgage, upon the ground that it was given to secure an individual debt of the president of the improvement company.

I am of the opinion that the court had no jurisdiction to decree the dissolution of the improvement company in the suit in which Huntington was appointed receiver, the judgment roll in which was introduced in evidence.

The power of the court to dissolve a corporation depends entirely upon statute.

The cases in which such an action can be maintained are set forth in section 1785 of the Code of Civil Procedure, and the persons who can maintain such an action are stated in section 1786.

The complaint in Field's suit, so far as it applied to an action to dissolve the corporation, was defective in every particular required by the statute. Field himself could not maintain a suit to dissolve

the corporation, and there were no allegations of facts in the complaint such as are required by section 1785, and no relief of that kind was prayed for.

The court had no general jurisdiction on the dissolution of the corporation. Its power in that respect was derived solely from the statute, and unless the complaint showed the jurisdictional facts, it had no power to act, and its decree was void. I must assume, therefore, that the corporation still exists.

The judgment in Field's action may be treated as valid to sequestrate the property of the corporation, but so far as it purports to dissolve the corporation, it is a nullity.

There was nothing *malum in se* or *malum prohibitum* in the act of the corporation in loaning its credit to McDowell or in mortgaging its property for his debt. The stockholders are the equitable owners of the corporate property, and if they do not object and no rights of creditors intervene, there can be no legal objection to the mortgage. In this case, neither corporation nor stockholders question the mortgage. The defendant Huntington does not represent stockholders, but creditors only. He is a receiver to sequestrate the corporate property and apply it to the payment of the corporate debts. But it is not shown that there is any present creditor who was such at the time the mortgage was given. There is no proof as to the origin of Field's debt.

It appears from the judgment roll in the sequestration suit that he recovered a judgment against the company in December, 1892, but, beyond the fact of his being a creditor at that time, the court has no information before it.

My conclusion, therefore, is, that the validity of the mortgage has not been impeached and the plaintiff must have judgment of foreclosure in the usual form.